UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **EARL L DAVIS** | **CASE NO. 3:24-CV-01081** |
| **VERSUS** | **JUDGE EDWARDS** |
| **LAND HOME FINANCIAL SERVICES INC ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion to Dismiss filed by the defendants in this matter, Land Home Financial Services, Inc. ("Land Home") and the United States Department of Housing and Urban Development ("HUD") (collectively, "Defendants").[1] Plaintiff Earl Davis ("Plaintiff"), who appears pro se, did not file an opposition and the deadline to do so has passed.[2]

After reviewing the applicable law, Defendants' Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

Plaintiff executed a promissory note in the principal amount of $141,391.00 on September 25, 2017, in favor of Land Home.[3] That same day, Plaintiff executed a mortgage securing the promissory note (the "Note") and encumbering property located at 37 West Elmwood Drive, Monroe, Louisiana ("the Property").[4] After failing to make payments on the Note, Land Home filed a petition on April 1, 2022, to enforce the mortgage by ordinary process in the 4th Judicial District Court in the Parish of Ouachita; Plaintiff was personally served 4 days later.[5] Plaintiff did

---

[1] R. Doc. 7.
[2] *See* R. Doc. 9. Per the Notice of Motion Setting issued by the Clerk, Plaintiff's deadline to file an opposition was Monday, December 23, 2024. Plaintiff did not file an opposition.
[3] R. Doc. 7-1, p.2. The facts of this matter were largely drawn from Defendants' motion to dismiss, as they were not included in Plaintiff's Complaint.
[4] R. Doc. 7-1. p.2; *see also* R. Doc. 1, p.1.
[5] R. Doc. 7-1, p.1-2; *see also* Land Home Financial Services, Inc. v. Earl L. Davis, Docket No. 20221073.

not file a responsive pleading and Land Home secured a default judgment in the matter on November 17, 2022.[6] A notice of signing of the judgment was mailed to Plaintiff on December 6, 2022; Plaintiff did not appeal the judgment, nor was the judgment set aside.[7]

The Ouachita Parish Clerk's Office, at Land Home's request, issued a Writ of Fieri Facias to the Ouachita Parish Sheriff's Office, which was served to Plaintiff on February 9, 2023.[8] The Property was ultimately sold to Land Home on February 7, 2024, at a Sheriff's sale.[9]

On or around February 15, 2024, Land Home issued a Notice to Vacate to Plaintiff and all occupants on the Property.[10] On April 23, 2024, Land Home requested that the Ouachita Parish Clerk of Court issue a Writ of Possession to the Ouachita Parish Sheriff's Office.[11] Plaintiff filed an injunction on July 1, 2024, which was denied at a subsequent hearing on the matter.[12]

Plaintiff filed the present suit on September 12, 2024, alleging that Defendants improperly foreclosed the Property and deprived him of his due process rights.[13] In his Complaint, Plaintiff also requested "injunctive relief" to prevent the foreclosure of his home,[14] which this Court subsequently denied.[15]

Defendants now seek dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff failed to state a claim for relief.

---

[6] R. Doc. 7-1, p.2.
[7] R. Doc. 7-1, p.2.
[8] R. Doc. 7-1, p.2. *Fieri facias* is defined as "[a] writ of execution that directs a marshal or sheriff to seize and sell a judgment debtor's property to satisfy a money judgment." Blacks Law Dictionary (12th ed. 2024).
[9] R. Doc. 7-1, p.2.
[10] R. Doc. 7-1, p.2.
[11] R. Doc. 7-1, p.2. "A writ issued to recover the possession of land." Blacks Law Dictionary (12th ed. 2024).
[12] R. Doc. 7-1, p.2.
[13] R. Doc. 1.
[14] R. Doc. 1, p.3.
[15] R. Doc. 3.

## II. LAW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face."[16] A complaint attacked by Rule 12(b)(6) does not need detailed factual allegations but requires more than labels and conclusions.[17] "[A] formulaic recitation of the elements of a cause of action will not do."[18] When evaluating a pleading, courts accept all factual allegations as true.[19] However, courts need not accept legal conclusions as facts.[20]

A pleading must contain enough information to give defendants fair notice of both the complaint's claims and the grounds on which they rest.[21] A plaintiff must allege enough facts to raise their claims beyond the level of speculation, by "nudg[ing] their claims across the line from conceivable to plausible."[22] A claim is facially "plausible" when it alleges sufficient factual content to permit the reasonable inference that the defendant is liable for unlawful conduct, thus giving rise to a "reasonably founded hope that the discovery process will reveal relevant evidence to support the claims."[23]

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto.[24] "Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[25] Indeed, any documents attached to the briefing on a motion to dismiss may

---

[16] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).
[17] *Id.* at 555.
[18] *Id.*
[19] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[21] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007).
[22] *See Twombly,* 550 U.S. at 570.
[23] *Id.* at 559.
[24] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).
[25] *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Kane Enters. v. MacGregor (USA), Inc.,* 322 F.3d 371, 374 (5th Cir. 2003).

be considered by the Court if the documents are sufficiently referenced in the complaint and no party questions their authenticity.[26]

### III. ANALYSIS

In his Complaint, Plaintiff alleges that he was "not sufficiently served with notice of the sale" and that Defendants' method of foreclosing on his Property was "not consistent with 'due process' reasonable notice under [the] circumstances."[27] Plaintiff alleges that he has rights under the "HUD Regulations and Guidelines," which he asserts entitles him to particular notice requirements and "remedies, assistance, and alternatives to foreclosure."[28] Plaintiff alleges that his due process rights were violated because the foreclosure of his Property was "without Notice and Notice of rights," which deprived Plaintiff of the opportunity to defend himself against the foreclosure and explore alternative remedies to ensure his continued ownership of the Property.[29]

Defendants assert that Plaintiff's claim of no service is conclusory and does not contradict the record of the foreclosure proceeding.[30] In support of this motion, the Defendants attached the return of service showing that Plaintiff was personally served with the foreclosure petition.[31] Defendants also assert that Plaintiff's "loosely referencing" of "HUD Policy Compliance and fulfillment of its Commitment to affordable housing is not sufficient to state a cause of action."[32]

Plaintiff's Complaint offers a series of conclusory statements. First, Plaintiff asserts that he "was not sufficiently served with notice of the sale," but he does not offer any factual allegations

---

[26] *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008).
[27] R. Doc. 1, p.2.
[28] R. Doc. 1, p.2, ¶¶ 2-3. Plaintiff also alludes to his right to "HUD Housing Counselors" to explain alternative resolutions to foreclosure. R. Doc. 1, p.2, ¶ 4.
[29] R. Doc. 1, p.2.
[30] R. Doc. 7-1, p. 6.
[31] R. Doc. 7-2.
[32] R. Doc. 7-1, p. 6. Defendants also address Plaintiff's claim for injunctive relief which has already been denied. R. Doc. 3.

regarding when he received notice or when he *should* have received notice.[33] Next, Plaintiff asserts that the allegedly insufficient notice was "not consistent with 'due process' reasonable notice under [the] circumstances," but he does not provide any factual context as to the "circumstances" of the foreclosure nor does he provide factual grounds for alleged due process violation.[34] Lastly, Plaintiff broadly concludes that he is entitled to particular rights – including assistance, counseling, and alternative remedies to foreclosure – under the "HUD Regulations and Guidelines."[35] However, Plaintiff does not specify a particular authority to which he is referring, nor does he allege any facts which would indicate that he was deprived of any alleged right under that authority.

At this Rule 12(b)(6) stage of litigation, the Court is bound to view all factual allegations set forth by Plaintiff as true; however, the Court may disregard legal conclusions lodged in his Complaint in adjudicating the instant motion to dismiss.[36] Further, as notice, or the alleged lack thereof, is central to the Plaintiff's claim, the Court may consider the return of service attached to the Defendants' motion which shows that the Plaintiff was personally served with the petition that instigated the foreclosure proceedings. Plaintiff's Complaint is devoid of any factual allegations which give rise to a legal claim against Defendants, and Plaintiff's assertions that Defendants violated his rights – Constitutional or otherwise – simply amount to legal conclusions. Therefore, Plaintiff's Complaint failed to state a claim and the matter shall be dismissed.

---

[33] R. Doc. 1, p.2, ¶ 1.
[34] R. Doc. 1, p.2, ¶ 1a.
[35] R. Doc. 1, p.2.
[36] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **GRANTED**, and that the instant matter is **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers this 18th day of June, 2025.

                                              **JERRY EDWARDS, JR.**
                                     **UNITED STATES DISTRICT JUDGE**